HENRY HALE, Respondent, *v.* THE BROOKLYN LIFE INSURANCE COMPANY, Appellant.

Prior to February 13, 1880, plaintiff was employed by defendant, at a salary, to solicit life insurance; he had secured a number of policies to be issued by defendant and accepted. On said date a written contract was entered into by which plaintiff was to continue in defendant's service for one year at a salary; the contract also provided that the defendant would pay "regular renewal commissions on the policies obtained by plaintiff when the premiums were paid to the company." The parties conceded that "renewal commissions" are those paid to agents on premiums received upon policies after they have been in force one year. Plaintiff left defendant's employ on December 31, 1880. The referee found that the contract was terminated on that day by the agreement of the parties. Plaintiff claimed to recover commissions on all renewal premiums received by defendant from the policies procured by him. Defendant claimed a rescission of the contract and a release from its stipulations, save as to renewal premiums on policies issued before the contract was made. *Held*, that, as to the release, the defendant held the affirmative of that issue and was required to establish it as a question of fact, and, as the evidence on this issue was conflicting, the referee's decision in plaintiff's favor could not be disturbed by this

court; that, by the contract, plaintiff was entitled to the commissions earned while working under it, although it was terminated before the expiration of the year.

Reported below, 46 Hun, 274.

(Argued March 18, 1890; decided April 22, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 26, 1887, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action upon a contract to recover "renewal commissions" claimed to be due thereunder on certain policies issued by defendants.

The facts are sufficiently stated in the opinion.

*Augustus Ford* for appellant. The referee erred in refusing to find that the contract of February 13, 1880, was, by its terms, a contract for the services of the plaintiff for at least one year. (*A. C. Bank* v. *Leonard*, 54 N. Y. 18; *Parshall* v. *Eggert*, 40 Barb. 119.) The contract of February 13, 1880, terminated on or prior to December 31, 1880, and all rights of both parties thereunder ceased and were at an end. (*Wood* v. *Perry*, 1 Barb. 114; *Fullager* v. *Reville*, 3 Hun, 600; *Myer* v. *Hallock*, 2 Robt. 284; *DePeyster* v. *Pulver*, 3 Barb. 264; *Trasker* v. *Bentley*, 59 N. Y. 649; 1 Abb. [N. C.] 39; *Shaw* v. *H. L. Ins. Co.*, 49 N. Y. 651; *Battle* v. *R. C. Bank*, 3 id. 88; *Francis* v. *N. Y., etc., R. R.*, 108 id. 93.) The referee erred in not granting the motion to dismiss the complaint on the pleadings, and in admitting evidence of a partial performance of the contract by plaintiff. (*McMillan* v. *Vanderlip*, 12 Johns. 165; *Jennings* v. *Camp*, 13 id. 94; *Lantry* v. *Parks*, 8 Cow. 63; *Smith* v. *Brady*, 17 N. Y. 173; *Cunningham* v. *Jones*, 20 id. 486; *Nelson* v. *Plimpton*, 55 id. 480; *Tipton* v. *Feitner*, 20 id. 423; *Parmelee* v. *O., etc., R. R. Co.*, 6 id. 247; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 id. 328; Code Civ. Pro. § 533; *Clarke* v. *Crandall*, 27 Barb. 73; *Oakley* v. *Morton*, 11 N. Y. 25; *Tooker* v. *Arnoux*, 76 id. 397; *Coffin* v. *Reynolds*, 37 id. 640; *Scofield* v. *Whitelegge*, 49 id. 259.)

*Hamilton Wallis* for respondent.   Under the contract in evidence the plaintiff became entitled to commissions on all renewal premiums received by the defendant from the policies which he had obtained for it.   (*Marvin* v. *Stone*, 2 Cow. 806; *Ripley* v. *Larmouth*, 56 Barb. 21; *Gifford* v. *P. Society*, Id. 114.)   The right of the plaintiff to recover these renewal commissions has never been forfeited or lost.   (*Sickels* v. *Patterson*, 14 Wend. 257; *Talmadge* v. *White*, 3 J. & S. 218.)

FOLLETT, Ch. J.   Prior to February 13, 1880, the plaintiff was employed, under an oral contract, on a salary by the defendant, to induce persons to take from it policies of insurance on their lives, and while so employed secured a number of policies to be issued and accepted.

It is agreed that prior to this date the plaintiff was not entitled to commissions on the premiums theretofore received, or thereafter to be received on those policies.   On the date mentioned the litigants entered into a written contract, by which the plaintiff was to continue in the same service for one year for $3,000, payable in twelve equal monthly payments.   The contract contains this stipulation:

" 2. The company agree likewise to give you regular renewal commissions on the policies obtained by you when the premiums shall have been paid to the company."

The parties agree that "renewal commissions" are those paid to agents on premiums received upon policies after they have been in force one year, and that the rates agreed upon were seven and a half per cent on term policies, and ten per cent on all others.   The parties also agree that if the plaintiff had performed his contract and worked to the end of the year for which he engaged, and then left defendant's service, he would have been entitled to renewal commissions on premiums thereafter received upon such policies as were within the above quoted clause of the contract.

There are but two questions at issue in this case.   (1.) Was the plaintiff entitled to receive commissions on premiums paid on *all* policies secured by him, or only on those issued before

the date of the contract?   (2.)  Was the contract rescinded and the plaintiff's right to commissions on premiums received after December 31, 1880, terminated by the settlement of that date?

The natural construction of the contract would seem to be that commissions payable under it would be on premiums paid on policies secured by the agent under the contract; but both parties concede that such was not their intent, and that the plaintiff was actually paid renewal commissions on all premiums received between the date of the written contract and December 31, 1880, on policies secured by him before the date of the contract, and so far as the question of construction is concerned we have only to determine whether the clause quoted embraces premiums on policies obtained by the plaintiff while working under the contract.

Every other stipulation and sentence in this contract relates solely to services to be rendered under it; and we are unable to find any evidence that policies written under the contract are to be excluded in estimating the commissions payable under the clause quoted, and we think the learned referee correctly construed the contract.

The referee found that the written contract was terminated December 31, 1880, by the agreement of the parties to it; but refused to find that the sum paid the plaintiff on that day was in settlement of all claims under the contract.   The settlement was made between the plaintiff and the defendant's president, who testified : "He (plaintiff) then agreed that if we would settle all that was due up to the first of January, it should be in full of everything, and he would be very glad."   The plaintiff denied this, and testified that nothing of the kind was said. The defendant, relying upon a rescission of the contract and a release from its stipulations, held the affirmative of that issue, and was required to establish it as a question of fact, which it failed to do.   There being evidence on both sides of this issue, the decision of the referee cannot be disturbed by this court.

The judgment should be affirmed with costs.

All concur, except POTTER and HAIGHT, JJ., dissenting.

Judgment affirmed.