V. BALLARD, Assignee of J. R. LINDSAY, and J. R. LINDSAY,
v. THE TRAVELLER'S INSURANCE COMPANY, of Hartford, Conn.

*Contract—Insurance Agent—Power Coupled with Interest—Revocation—Commissions on Renewal Premiums.*

1. Where a contract between an insurance company and an agent
provided that the latter should retain for his services 45 per
cent. on first annual premiums on policies sold by him, and
6 per cent. on renewals, and that the contract might be terminated at the option of either party on 30 days' notice,
and the company accompanied the contract with a letter,
which was to be taken as a part of the agreement, in which
it agreed to advance to the agent $600 monthly with which
to establish agencies and introduce the business, such
advances to be repaid out of the proceeds of the agency as
fast as possible, and in the meanwhile to be secured or evidenced by the agent's demand notes, upon which the agent's
payments should be endorsed when made, and the. interest
to be adjusted at the end of the year or upon the earlier
discontinuance of the contract; *Held,* that the contract, as
affected by the letter accompanying it, did not confer upon
the agent a power coupled with an interest so as to prevent
the company from terminating the contract on the required
notice. The agent had it in his power to protect himself
against assignment of the notes by making it appear on
their face that they were payable out of the profits of the
agency.

2. Where an agent of an insurance company is allowed by the
contract, as part of his compensation, a certain percentage
of renewal premiums, his right to collect and retain the
same ceases with the termination of the contract.

3. A provision in a contract between an insurance company and
its agent to the effect that, if the agent shall fail to do certain things required of him under the contract, he shall
forfeit his rights and not then be entitled to commissions
on renewals maturing after the agency has ceased, will not,
in the absence of a positive provision that he shall be entitled to them if he carries out the stipulations, be allowed to
affect the general rule of law that such an agent, when his
agency has been revoked under a power given to the principal, will not be allowed commissions on renewals maturing
after the agency had ceased.

BALLARD *v.* INSURANCE COMPANY.

CIVIL ACTION, tried before *Coble, J.,* at March Term, 1896, of DURHAM Superior Court. A jury trial was waived, and his Honor, upon the facts found, gave judgment for the plaintiff, and the defendant appealed. The essential facts are stated in the opinion of Associate Justice MONT-GOMERY.

*Messrs. Winston & Fuller,* for plaintiff.
*Messrs. Boone & Bryant,* for defendant (appellant).

MONTGOMERY, J. : The contract between the plaintiff's assignor, J. R. Lindsay, and the defendant Company, which was in all respects complied with by Lindsay, contained a provision to the effect that it might be terminated at the option of either party by written notice to the other party of not less than thirty days. Notice under that provision was given by the defendant to Lindsay, and in May or June, 1895, he ceased to be agent of the defendant. Certain renewal premiums upon policies which were issued while the plaintiff's assignor was the agent of the defendant, falling due after his agency had ceased, and having been paid by the policy-holders to the defendant, the plaintiff assignee brought this action to recover the amount. He claims that his assignor has a right to the same under that part of the contract which provides for his retaining for his services " on all other life and endowment policies 45 per cent. of first annual premiums, 6 per cent. on renewals." The defendants resist the recovery on the ground that the contract was terminated in May or June, 1895, and that with the termination of the agency Lindsay's right to receive the 6 per cent. on the renewals which fell due and were paid after the agency had been terminated ceased. His Honor found the facts and gave judgment for the plaintiff.

We are of the opinion that the plaintiff is not entitled to recover. It was admitted by the counsel of the plaintiff, in his argument here, that if the contract had been the usual and ordinary one between insurance companies and their agents, it might be revoked at the option of the Company, but he insisted that a certain letter written by the defendants to Lindsay, and treated as a part of the contract, conferred a power coupled with an interest, and therefore was irrevocable. The letter is as follows:

"HARTFORD, Conn., October 6, 1892.
"*J. R. Lindsay, Greensboro, N. C.*

"DEAR SIR :—Enclosed find contract, which we believe to be in accordance with the terms agreed upon when you were here. It is understood that we are to advance to you, at the beginning of each month, $600, the same to be repaid to the Company out of the profits of the agency as rapidly as possible. Rather than incorporate this part of our agreement in the contract, our attorney advises that we take your 'demand' note for each advance, and then indorse upon the notes your payments, adjusting the interest in accordance with an understanding, at the end of the year, or before if contract is discontinued, you to pay interest at the rate of 6 per cent. This letter is to satisfy you that we intend to advance, as agreed upon when you were here. It is also understood that we are to take notes for a reasonable portion of life premiums, and that they are to be discounted at the rate of 6 per cent., and that for insurance paid for in notes, which are not paid, you are to pay for expired time, and term insurance medical examiner's fees. All such notes are to be endorsed or guaran-

teed by you. No notes to be taken, or at any rate submitted to the Company, which fall due on and after December 1st in any year.

"Yours truly,

"RODNEY DENNIS,

"Secretary."

We fail to see how this letter can have the effect to deprive the defendants of the right to terminate this agency at their option upon giving the proper notice to the plaintiff's assignor. The language of the contract is: "This contract may be terminated at the option of either party by written notice to the other party of not less than thirty days."

The letter being considered a part of the contract, and constred in its most natural way, simply requires the defendants, as long as the contract should continue, to furnish a certain amount of money every month to the plaintiff that he might introduce and extend the business of the Company for the benefit of both. It is true that the Company required Lindsay to give his personal note for the amounts advanced to him by the Company, but the *notes were to be paid out of the profits of the agency.* As long as these notes remain in the hands of the Company their collection cannot be enforced against Lindsay personally—the agency having been terminated by the principal. And if the Company has assigned or transferred them Lindsay has no one to blame but himself. He had it in his power in the beginning to see to it that the money advanced to him by the defendants should appear in the face of the notes as payable in a restricted way.

The question, "a power coupled with an interest," is discussed by Chief Justice SMITH, who delivered the opinion of the Court in the case of *Insurance Company* v.

*Williams*, 91 N. C., 69.   In that opinion it is said, " What such an agency is, is thus explained by Chief Justice MARSHALL in the opinion in *Hunt* v. *Rousmanier*, 8 Wheat., 174: ' We hold it to be clear that the interest which can protect a power after the death of a person who creates it must be an interest in the thing itself.   In other words, the power must be engrafted on an estate in the thing.   A power coupled with an interest is a power which accompanies or is connected with an interest.   The power and the interest are united in the same person.   But if we are to understand by the word *interest* an interest in that which is to be produced by the exercise of the power, then they are never united.' "   We can see no interest which Lindsay ever had under his contract with the defendants except an interest in the *profits of the agency which were to be produced* by the exercise of the powers given the agent under the contract.   These profits were to be produced by his work and skill and industry, aided by the money advanced to him from time to time by the Company to enable him to build up and to extend his business.   The case of *Insurance Co.* v. *Williams, supra*, is direct authority, too, for the proposition that in cases where the principal has a right to revoke the agency, and does so, a stipulation in the contract that the agent should receive as compensation twenty-five per cent. commissions on first year's payments and five per cent. on renewals does not confer a permanent right upon the agent to collect renewals and retain the five per cent. commissions.   It is said in that case that " such a contention involves the assumption that the contract confers an absolute and permanent right to proceed with renewals when the original insurance was effected through the efforts of the defendant when he can no longer act as agent in making the renewals.   Such is not the fair interpretation of the terms of the contract,

BALLARD *v.* INSURANCE COMPANY.

which allows the specified commissions as compensation for services to the company in the renewals, and necessarily ceases when the services cease." We have not been inadvertent to the 7th Article of the contract, which is in these words: " 7. That if he neglects to make report or remittance, as provided in clause two, for fifteen days after the close of any month, or after any request as contemplated therein, or to comply with any of the stipulations herein, he shall thereby forfeit all rights under this contract, and all commissions on premiums payable thereafter and on renewal of all policies written hereunder."

This provision of the contract simply declaring that if the agent (Lindsay) should fail to do certain things required of him under the contract he should forfeit his rights and not then be entitled to commissions and renewals maturing after the agency had ceased, in the absence of a positive provision to the effect that he should be entitled to them if he carried out the stipulations, will not be allowed to affect the general rule of law that such an agent when his agency has been revoked under a power given to the principal, will not be allowed commissions or renewals maturing after the agency had ceased.

The defendant's exceptions to the jurisdiction of the superior court were abandoned here. There was error.

New Trial.