## A. H. BONE v. NEW YORK LIFE INSURANCE COMPANY.[1]

December 24, 1925.

No. 24,839.

**Construction of contract between insurance company and its agent.**

Where the contract between an insurance company and its agent provides that the termination of the contract shall terminate all rights of the agent to compensation on account of future premiums, and the contract is terminated by the company in the manner provided for therein, the agent cannot maintain a claim for compensation based upon such future premiums.

See Insurance, 32 C. J. p. 1079, § 157.

Action in the district court for Ramsey county for an accounting and for other relief. Plaintiff appealed from a judgment on the pleadings ordered by Hanft, J. Affirmed.

*O'Brien, Horn & Stringer,* for appellant.

*Doherty, Rumble, Bunn & Butler,* for respondent.

TAYLOR, C.

Judgment was rendered for defendant on the pleadings and plaintiff appealed.

Plaintiff was in the employ of defendant for several years as a soliciting agent under a written contract which gave either party the right to terminate it upon 30 days' written notice. Defendant terminated the contract by giving the required notice. Under the contract plaintiff received as compensation a specified part of the premium for the first year upon all insurance secured by him and also a specified part of the renewal premiums paid upon such insurance for the second year.

Defendant had adopted a plan termed nylic (the word being formed by the initials of its corporate name), and had prescribed and established, by appropriate rules and regulations, the conditions upon which soliciting agents could become and continue to be what

[1]Reported in 206 N. W. 452.

are termed nylics, and the requirements to be complied with to entitle them to the benefits provided for in the plan. Nylics were divided into 5 classes or grades: Those in the service of the company less than 5 years; those in its service between 5 and 10 years; those in its service between 10 and 15 years; those in its service between 15 and 20 years; and those in its service 20 years or longer. Those in this last class were termed senior nylics and were entitled to certain specified benefits during the remainder of their lives, whether they continued in the service of the company or not, provided they did not enter the service of another life insurance company. Beginning with the third year, if the prescribed conditions were fulfilled, nylics were entitled, in addition to their other compensation, to a specified monthly payment upon insurance procured by them during the second preceding year and still kept in force, which payment ranged from 25 cents per thousand for nylics of the lowest grade to one dollar per thousand for senior nylics.

Plaintiff was a nylic and for 5 years had been receiving nylic payments. He insists that he is still entitled to such payments and seeks to recover those claimed to have become due since his discharge. The question presented is whether the termination of his contract of employment terminated his right to such payments.

He states in his brief that "The only question on this appeal is the proper construction of rule XII of nylic rules, reading as follows:

" 'The termination of an agent's contract and agency, prior to his becoming a senior nylic, or the removal or transfer of an agent, prior to becoming a senior nylic, to any country where the nylic benefits have not been extended by the company to its agents, terminates his nylic membership and all his nylic rights.' "

It is conceded that the contract of employment had been terminated in the manner provided for in that contract. It is also conceded that plaintiff had agreed to and was bound by the nylic rules and that he had not become a senior nylic. But plaintiff argues that nylic benefits are in the nature of, and a substitute for, commissions on renewal premiums, and that discharging him ought not to forfeit nylic payments based upon insurance previously written.

He seeks to spell out an ambiguity in the meaning of Rule XII, above quoted, from the fact that the language there used differs from that used in Rule XI, which provides for terminating the nylic rights of an agent for failure to comply with the nylic requirements, and urges that the canons for construing ambiguous provisions should be applied. Where the language used is plain, positive and definite there is no room for construction, and it must be given its natural and obvious meaning. Davis v. Hugo, 81 Minn. 220, 83 N. W. 984; Lawton v. Joesting, 96 Minn. 163, 104 N. W. 830; Bell Lumber Co. v. Seaman, 136 Minn. 106, 161 N. W. 383; Northern W. & V. P. Co. v. Jordan, 150 Minn. 12, 184 N. W. 39.

The provision that the termination of an agent's contract of employment, "terminates his nylic membership and all his nylic rights," is too clear, positive and definite to leave any room for construction, and must be given effect according to the plain import of the language used. It was competent for the parties to make such a contract if they chose to do so. Similar provisions are common in contracts between insurance companies and their agents; and, where the contract contains such a provision, it is well settled that the termination of the employment terminates the right to compensation on account of future renewal premiums. Jacobson v. Conn. M. L. Ins. Co. 61 Minn. 330, 63 N. W. 740; Stagg v. Insurance Co. 77 U. S. (10 Wall.) 589, 19 L. ed. 1038; Fidelity & Deposit Co. v. Washington Life Ins. Co. (D. C.) 193 F. 512; Nelles v. MacFarland, 9 Cal. App. 534, 99 Pac. 980; Gooding v. N. W. Mut. Life Ins. Co. 110 Me. 69, 85 Atl. 391; Herrick v. N. Y. Life Ins. Co. 202 Mass. 478, 88 N. E. 1092; King v. Raleigh, 100 Mo. App. 1, 70 S. W. 251; Ballard v. Travellers Ins. Co. 119 N. C. 187, 25 S. E. 956; Scott v. Travellers Ins. Co. 103 Md. 69, 63 Atl. 377, 7 Ann. Cas. 1166; Locher v. N. Y. Life Ins. Co. 200 Mo. App. 659, 208 S. W. 862.

Judgment affirmed.


STONE, J., took no part.