## DAKOTA LIFE INS. CO. v. MIDLAND NAT. BANK OF MINNEAPOLIS.*

Circuit Court of Appeals, Eighth Circuit.

April 12, 1927.

No. 7505.

1. **Appeal and error** ⬅➡926(4)—**Errors assigned to exclusion of offered proof must be considered on assumption that plaintiff in error could prove facts embodied in offer.**

On writ of error, errors assigned to trial court's exclusion of offered proof must be considered by appellate court, on assumption that plaintiff in error could have proved facts embodied in offer.

2. **Judgment** ⬅➡683—**National bank, taking assignment of insurance policy to secure debt before state court action to cancel policy was commenced, held not bound by decree.**

National bank, which took assignment of life insurance policy to secure assignor's preexisting debt to it before insurance company sued in state court to cancel policy, held not bound by state court's decree canceling policy, where it was not party nor privy to any party to suit.

3. **Insurance** ⬅➡593(1)—**Insurer could not escape liability on valid life policy, assigned to secure debt, by proof that insured had good defense against assignee.**

If life insurance policy, assigned to plaintiff as security for pre-existing debt with insurance company's approval and written consent of prior assignees, was valid, insurance company could not escape liability to plaintiff, suing on policy after insured's death, by showing that insured assignor had good defenses to plaintiff's claim.

4. **Insurance** ⬅➡400—**State statute, making life policy incontestable after two years, must be read into policy, and bars right to contest for fraud not set up within period (Comp. Laws N. D. 1913, § 6635c).**

North Dakota statute (Comp. Laws N. D. 1913, § 6635c) making life insurance policy incontestable after two years from its date, must be read into policy executed in that state, and, if insured's fraud in procuring insurance is not discovered and set up within two-year period, right to contest policy on that ground is barred.

5. **Insurance** ⬅➡114—**Insurance on another's life, in which beneficiary has no insurable interest, is void.**

Insurance policy taken out by beneficiary on life of one in whom he has no insurable interest is a wagering contract, void from its inception as against public policy.

6. **Insurance** ⬅➡116(5), 400—**Bank's insurable interest in debtor's life held limited to debt due, and excess insurance void, and contest not barred by two-year limitation; "wagering contract."**

Insurable interest of bank in debtor's life was limited to amount reasonably adequate to cover indebtedness to it and premiums which it would have to pay and interest, and where premiums and accrued interest were tendered back by insurer, amount of policy in excess of

debt was void as a wagering contract, against public policy, and limitation of two years for contest was no bar as to such excess.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wager—Wagering Contract.]

7. **Insurance** ⬅➡121—**Insurer's liability to creditor's assignee on life policy on debtor's life is limited to creditor's insurable interest at date of policy (Comp. Laws N. D. 1913, §§ 6628, 6629).**

Insurer's liability on life insurance policy taken out on debtor's life by bank to protect its interest as creditor for amount much greater than debt is limited to bank's insurable interest when policy was issued, even as against assignee of policy under assignment securing indebtedness equal to face of policy, in view of Comp. Laws N. D. 1913, §§ 6628, 6629.

In Error to the District Court of the United States for the District of Minnesota.

Action by the Midland National Bank of Minneapolis against the Dakota Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

John B. Hanten, of Watertown, S. D. (O'Malley & O'Malley, of St. Paul, Minn., on the brief), for plaintiff in error.

Sigurd Ueland, of Minneapolis, Minn. (A. Ueland, of Minneapolis, Minn., on the brief), for defendant in error.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

LEWIS, Circuit Judge. The defendant in error, as plaintiff below and herein called plaintiff, recovered judgment against the Insurance Company on a $10,000 life policy, which it had issued to Oscar Mosher and by which it agreed to pay that sum to Mosher's executors, administrators and assigns on proof of his death.

[1] The questions that are reviewable on this writ relate to the exclusion of offered proof in the light of the pleadings; and the errors assigned to the Court's ruling in excluding the offers must be considered on the assumption that plaintiff in error could have proven the facts embodied in the offer. On that basis we will first state the case as we find it in the record, not carefully separating the established facts from those which were excluded over objection. The plaintiff sued as assignee of Mosher and attached to its complaint copies of the policy and assignment. The policy bears date May 14, 1920. Its assignment to plaintiff by Mosher was made February 26, 1923, and it is recited therein: "This assignment is given to secure the payment to the said party of the second part (Midland Na-

*Rehearing denied May 26, 1927.

tional Bank of Minneapolis) of the sum of Ten Thousand Dollars, according to the tenor and conditions of two promissory notes." There is no further description of the two notes. The Insurance Company approved in writing the assignment on March 2, 1923, and mailed it and the policy to plaintiff and the plaintiff received them at or about the same time it received two $5,000 demand notes (from whom, is not stated) bearing dates January 13, 1923, signed by Mosher and his wife and payable to J. E. Jacobson at the Dazey State Bank, Dazey, North Dakota, and both indorsed by Jacobson, presentment for payment being waived by the makers and indorser. Jacobson was indebted to the plaintiff Bank at that time in a sum in excess of $34,000. He was also principal owner and manager of the Dazey State Bank which was then indebted to the plaintiff Bank in a sum in excess of $46,000. The Dazey State Bank closed its doors and failed on February 26, 1923, the day Mosher assigned the policy to plaintiff. Plaintiff claims it received the two described $5,000 notes as collateral on Jacobson's prior indebtedness to it and the policy as sub-collateral on the two notes. Jacobson also seems to have been insolvent when the Dazey State Bank failed. He appears to have been the local agent at Dazey of the Insurance Company when the policy was issued. That company offered to show that the policy was applied for and issued at the instigation of Jacobson; that he retained possession of it for the Dazey State Bank; that Mosher assigned it to that Bank when it was issued and that Bank paid the first and all other premiums; that Mosher was a farmer living on a rented farm near Dazey, that all he had—stock, farm implements and crops—was mortgaged to that Bank to secure his indebtedness to it, which, the answer alleged, amounted to $5,686.08 at the time the policy issued; that at that time and for some time theretofore Mosher had tubercular consumption in an advanced state and continued in that condition until his death which occurred on September 10, 1923; that the signatures of Mosher and wife were obtained to the two $5,000 notes by Jacobson in the presence of plaintiff's agent by a trick and deception and there was no consideration to Mosher or his wife therefor; that when Mosher assigned the policy to plaintiff Bank, which was without any consideration to him, he was led to believe and thought it was to secure his indebtedness then held by the plaintiff Bank assigned to it by the Dazey State Bank; that Mosher never had or kept the policy under his control, that it was taken out by and solely for the benefit of

his creditor, the Dazey State Bank; and that the Insurance Company was wholly ignorant of the foregoing facts until shortly before Mosher's death, but after the policy was assigned to plaintiff; that on discovery of the foregoing facts it at once took steps to cancel the policy and for that purpose it tendered to Mosher all the premiums that had been paid which were refused by him on the ground that none of them had been paid by him and thereupon it brought a suit against Mosher in the state court to cancel the policy because of the facts stated, had summons in that suit served on him and after his death and after his wife as his administratrix had been substituted a party in his stead, decree was entered in that suit canceling the policy as void from the beginning; that the Dazey State Bank and Jacobson were parties defendant in that suit, that it tried to make plaintiff Bank a party defendant also, but it was without the court's jurisdiction and succeeded in obtaining an order quashing the service of summons on it. Some of the facts stated were embodied in the state court decree which was rejected as proof and some may be but correlates of other offers.

Under this statement what were the rights of plaintiff Bank in the policy?

[2] 1. It was neither party nor privy of any party to the suit in the state court. It took an assignment of the policy before that suit was brought; hence it was not bound by the decree in that suit. No reason is shown why the general rule on this subject does not apply.

[3] 2. The fact, if it be a fact, that there was no consideration to the makers of the two $5,000 notes, is not a cause for complaint by the Insurance Company. Likewise as to the assignment of the policy by Mosher. And though it may be true that Mosher's signatures to the notes were obtained by a trick and deception, still they were valid obligations of Jacobson on his indorsements. Even Mosher's estate has no interest in the policy to protect. The state court decree bars it of any right it may have had. That court found that the policy was canceled by mutual agreement of Mosher and the Insurance Company. As to The Dazey State Bank and Jacobson the decree does not show whether the court acquired jurisdiction as to them. The issue here is between the Insurance Company and Mosher's assignee. That assignee took the policy as security on a valid pre-existing debt with the approval of the insurer and the written consent of all prior assignees. If the policy was valid we do not think the insurer can escape liability by setting up even a good de-

fense on a side issue in which it has no interest.

[4] 3. Mosher's application for the policy, bearing the same date as that of the policy (May 14, 1920), and made a part of the contract, stated that the policy "shall not take effect until the first premium has been paid during my good health," and it is argued that Mosher's physical condition of bad health, hereinbefore stated, rendered the policy void from the beginning. His condition, if truly stated, was a fraud on the insurer in procuring the policy. But it was a North Dakota contract, and a statute of that state (Comp. Laws N. D. 1913, § 6635c) provided "that the policy shall constitute the entire contract between the parties and shall be incontestable after two years from its date." This restriction on the rights of the insurer to contest the validity of the policy for fraud in its procurement must be read into the policy for the purpose of fixing the rights and obligations of insurer and insured. It is a limitation on the insurer's right to discover and set up fraud in procuring the policy and if that is not done within the time limited the right is thereafter barred. That is the sole purpose of the statute. Mutual Life Ins. Co. v. Hurni Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Id. (C. C. A.) 280 F. 18; Great Southern Life Ins. Co. v. Russ (C. C. A.) 14 F.(2d) 27.

[5, 6] 4. The remaining proposition that requires consideration is the extent of insurer's liability on the proof and the tendered and rejected proof. The Dazey State Bank had an insurable interest in the insured's life, because it was his creditor at the time the policy was taken out. But for that relation it would have been a wagering contract and void in toto at its inception, because against public policy. Crotty v. Union Mutual Ins. Co., 144 U. S. 621, 12 S. Ct. 749, 36 L. Ed. 566; Washington Central Bank v. Hume, 128 U. S. 195, 9 S. Ct. 41, 32 L. Ed. 370; N. Y. Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 S. Ct. 877, 29 L. Ed. 997; Warnock v. Davis, 104 U. S. 775, 26 L. Ed. 924; Conn. Mut. Life Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251; Gordon v. Ware Nat. Bank (C. C. A.) 132 F. 444, 67 L. R. A. 550. The insurable interest of the Dazey State Bank was limited to an amount reasonably adequate to cover Mosher's indebtedness to it and premiums which it would have to pay, and interest. The premiums with interest (all paid by that Bank according to defendant's offer of proof) were deposited by the insurer in the state court, as shown by the decree in the case brought there; and the

accruing interest on Mosher's debt to the Bank was kept paid, it would seem, under the offer of proof that his renewal notes given in January, 1923, covering all of his debts to the Bank at that time were for a little less than $4,900. We think the amount named in the policy in excess of Mosher's indebtedness to the Bank at the time it was issued, should be regarded, on the facts and offers of proof, as a wager on his death, and to that extent void and non-enforceable, because against public policy; and as to that the limitation of two years for contest is not a bar. Bromley's Adm'r v. Washington Life Ins. Co., 122 Ky. 402, 92 S. W. 17, 5 L. R. A. (N. S.) 747, 121 Am. St. Rep. 467, 12 Ann. Cas. 685; O'Connor's Adm'r v. Equitable Life Assur. Society, 170 Ky. 715, 186 S. W. 502; Clement v. N. Y. Life Ins. Co., 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650.

[7] Furthermore, if, as claimed, the policy was taken out by the Dazey State Bank to protect its interest as Mosher's creditor, liability of the insurer is limited to that interest as it existed at the time the policy was issued. In Conn. Mut. Life Ins. Co. v. Schaefer, supra, it is said: "And in cases where the insurance is effected merely by way of indemnity, as where a creditor insures the life of his debtor, for the purpose of securing his debt, the amount of insurable interest is the amount of the debt;" and further on in the opinion an English statute intended to discourage wagering is commented on, the words of the statute being "That no insurance shall be made on a life or lives wherein the assured shall have no interest, or by way of gaming or wagering" and "that in all cases where the insured [here the Dazey State Bank] hath interest in such life, etc., no greater sum shall be recovered than the amount or value of the interest." It was then said that this statute might almost be regarded "as declaratory of the original common law, and as indicating the proper rule to be observed in this country where that law furnishes the only rule of decision." A statute of North Dakota seems to have been intended for a like purpose. Sections 6628 and 6629, N. D. Compiled Laws 1913, provide that a creditor has an insurable interest in the life of his debtor, and that the policy may pass by transfer to any person, who may recover upon it whatever the insured might have recovered,—the insured being taken, as it was under the English statute, to be the one in whose interest the policy was taken out. See Grigsby v. Russell, 222 U. S. 149, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863.

So we conclude on the facts stated that the

policy was a good and valid contract to the extent of Mosher's indebtedness to the Dazey State Bank on May 14, 1920, and that the court erred in excluding the tendered proof. If the tender should be made good and the case does not present a materially different aspect from the record before us, plaintiff should have judgment for that amount, with interest from service of summons.

Reversed and remanded.