## CUNNINGHAM v. CUNNINGHAM.

### No. 13581.

Court of Civil Appeals of Texas. Dallas.

Nov. 10, 1944.

Rehearing Denied Nov. 25, 1944.

J. Willard Gragg, of Dallas, for appellant.

M. M. Wade and J. E. Newberry, both of Dallas, for appellee.

LOONEY, Justice.

Mrs. Ruth Cunningham, the appellant sued her husband, Sterling R. Cunningham, appellee, for divorce, custody of their three children, and division of their community property. On hearing, the court granted appellant the relief sought, except she was denied any community interest in or to certain renewal or service commissions contingently payable in future on certain policies of life insurance sold by appellee (during the marriage) as agent of Southwestern Life Insurance Company. From the latter portion of the judgment appellant perfected this appeal.

The record discloses that appellee was an agent of the insurance company under a regular agent's contract, during the marriage of the parties wrote the insurance policies upon which the commissions here involved may or may not accrue, and was in the service of the company at the time the divorce decree was entered. Among other things the contract provides that appellee should be entitled to and receive renewal or service commissions for various periods of time on policies sold by him, depending upon the total amount of insurance sold. However, payment of the commissions was contingent upon the policies being renewed or continued in force by payment of premiums due thereon, and further that appellee should remain in the active service of the company as agent. In regard to this particular matter, the contract specifically provides, in Section 8, that: "Any and all remunerations due or to become due under Sections 4 or 5 (includes the commissions here involved) shall cease immediately if the Second Party (appellee) does not remain actively and continuously in the service of the Company, regardless of whether the cessation of active service is by act of the Second Party or due to termination of this contract by the Company"; and Section 27 provides that: "Unless otherwise terminated, this agreement may be terminated by either party by a notice in writing delivered personally, or mailed to the oth-

er party at the last known address at least fifteen days before the date therein fixed for such termination."

The agency contract indicates very clearly that it was the intention of the parties that all right of the agent to what is called service commissions should end whenever the agency terminated from whatever cause; and, as has been seen, it could end at any time at the option of either party, irrespective of the wish or desire of the other. In Wyatt v. Southwestern Life Ins. Co., Tex.Civ.App., 149 S.W.2d 1063-1066, the Amarillo Court had under consideration a similar contract, under which the agent, after leaving the service of the company, brought suit to recover service or renewal commissions on policies sold during the period of his service. While the case involved other questions discussed by the court, on the question here involved, the court used the following pertinent language: "We think it is conceded, and indeed it must be, that the appellant is not entitled to recover for service or renewal premiums accruing after the termination of the contract"; citing numerous authorities (App. dismissed cor. judgment). The same doctrine was announced by the Missouri Court of Appeals in King v. Raleigh, 100 Mo.App. 1, 70 S.W. 251, and by the same court in Locher v. New York Life Ins. Co., 200 Mo.App. 659, 208 S.W. 862, citing numerous authorities; also by the Minnesota Supreme Court in Jacobson v. Connecticut Mutual Life Ins. Co., 61 Minn. 330, 63 N.W. 740.

The main contention of the appellant is that, since the service or renewal commissions stem from and accrue on policies written during the existence of the marriage relation, they constitute part of the community estate, because compensation for services rendered during that period. In a sense this may be true, but, even so, these commissions would not accrue unless the policies are renewed by the payment of premiums, and this may not be done—irrespective of the wish or will of either party; but even if the premiums are paid and the policies renewed, the agent would not be entitled to the commissions unless he remains in the active service of the company, which may end at any time, at the instance of either party, and irrespective of the wish of the other. It follows, we think, inescapably, that the right of the community estate or the agent to these renewal commissions is not a vested right, but a mere expectancy. See French v. French, 17 Cal.2d 775, 112 P.2d 235, 134 A.L.R. 366, and Locher v. New York Life Ins. Co., 200 Mo.App. 659, 208 S.W. 862, 865, where discussing this question, the court said: "The underlying principle back of this holding rests upon the idea or rule that the agent has acquired no interest in renewals on policies written by him which becomes vested at the time of the writing of the policy. This claim was long ago disposed of by the Supreme Court of the United States in Hunt v. Rousmanier's Adm'rs, 8 Wheat. 174, 5 L.Ed. 589." After quoting from the opinion of Chief Justice Marshall, the court proceeded: "Quoting this definition, which Judge Philips, presiding in the circuit court for the Western District of Missouri, in Stier v. Imperial Life Ins. Co., C.C., 58 F. 843, has said aptly defines a power coupled with an interest, that learned judge applying it in a case in which an agent claimed a right in renewals, has said (page 845 of 58 F.), that clearly the plaintiff had no such interest in the subject-matter of the contract; that is to say, in the renewals, as would take away the customary option of the principal to terminate the agency. So the Supreme Court of North Carolina, in Ballard v. Travellers' Ins. Co., 119 N.C. 187, loc.cit. 191, 25 S.E. 956, also citing and quoting the same matter from Hunt v. Rousmanier's Adm'rs, supra, likewise applied it to commission renewals, holding that the contract did not confer upon the agent a power coupled with an interest."

In view of these authorities, we think the trial court was correct, and that its judgment should be and hereby is affirmed.

Affirmed.