J. H. CADE et al., Appellants,

v.

Myra L. DUDNEY et al., Appellees.

No. 3889.

Court of Civil Appeals of Texas.

Eastland.

May 8, 1964.

Rehearing Denied May 29, 1964.

Coleman & Whitten, Earl L. Coleman, Denton, for appellants.

W. H. Frank Barnes, Terrell, for appellees.

COLLINGS, Justice.

Mrs. Myra L. Dudney and others, heirs of J. W. McKnight, deceased, brought suit against J. H. Cade and others, heirs of Nora C. McKnight, deceased. Plaintiffs alleged that they and defendants were joint owners of a 50.95 acre tract and a 17.06 acre tract of land in Rockwall County, and an interest in minerals in Midland County, Texas, and sought to have the lands partitioned. Defendants admitted that they and plaintiffs were joint owners of the 17.06 acre tract and the mineral interest but alleged that they, as the heirs of Mrs. McKnight were sole owners of the 50.95 acre tract, contending that such tract was the community property of J. W. McKnight and wife Nora C. McKnight; that they acquired it during their marriage by deed from J. O. Wallace and wife on February 21, 1927, or, in the alternative, that there was a commingling of such property with community funds, and because J. W. Mc-

Knight died first and both he and his said wife died without children.

Plaintiffs alleged that J. O. Wallace never owned the land in dispute; that the title thereto was always, until the time of his death, vested in J. W. McKnight as his separate property; that plaintiffs, as heirs of J. W. McKnight, inherited a ½ interest therein and that his wife, Nora C. McKnight, inherited the other ½ interest, which at her death was inherited by the defendants; that said 50.95 acre tract was purchased by McKnight on December 19, 1905, and that he and Nora C. McKnight were married on August 22, 1908; that on December 28, 1926, Mr. McKnight and wife executed a deed purporting to convey the land in dispute to J. O. Wallace, but that the purported deed was void and passed no title to Wallace because the land was at the time the homestead of J. W. McKnight and wife and the deed to Wallace was made for the sole purpose of creating a lien on the homestead, and was in fact a mortgage, rather than a deed; that a loan was procured by the McKnights in connection with the transaction and after the loan was obtained Wallace and his wife, in accordance with a previous agreement, executed an instrument purporting to convey the land back to J. W. McKnight; that the loan was paid off before McKnight's death in 1955; that McKnight, and his wife who died in 1960, both died intestate; that no children were born to them and none adopted.

The case was tried before the court without a jury. The court found that the transaction between the McKnights and Wallace in 1926, was a simulated sale and that the purported deed to Wallace was void and passed no title. Judgment was entered partitioning the land between plaintiffs and defendants. J. H. Cade and other defendants have appealed in so far as the judgment relates to the disputed 50.95 acre tract.

Appellees present points of error contending that the court erred in holding (1) that the sale of the 50.95 acre tract to Wallace by McKnight and wife was a simulated sale, (2) that the deed from J. W. McKnight and wife to Wallace was void, and (3) erred in holding that said tract was the homestead of J. W. McKnight and wife Nora C. McKnight.

The evidence bearing upon the questions presented and contentions made shows that J. W. McKnight purchased the 50.95 acres of land in 1905 when he was a single man; that he assumed indebtedness then existing against the land and as additional consideration also gave a note to the seller; that in August, 1908, he married Nora C. McKnight, and the indebtedness assumed when he purchased the land was not paid and released until 1923. The evidence further shows that soon after the marriage of J. W. McKnight and Nora C. McKnight they moved on the land in question and used and occupied it until the death of J. W. McKnight in 1955. Nora C. McKnight continued to reside on the land until she died in 1960. Mr. J. O. Wallace testified that he was well acquainted with J. W. McKnight and his wife; that he became acquainted with McKnight in 1903, '04 or '05; that he was familiar with the 50.95 acre tract of land and knew that a house was on it; that soon after the marriage of the McKnights they moved on the land and lived on it as their home until their deaths; that no children were born of such marriage. The evidence shows that in December, 1926, J. W. McKnight and wife by a general warranty deed valid on its face, conveyed the tract in question to J. O. Wallace. This deed recited a consideration of $9,171.00, $5,171.00 stated to be paid in cash by J. O. Wallace and $4,000.00 evidenced by a note executed by Wallace and payable on or before January 1, 1928, to J. W. McKnight. Mr. Wallace testified that he remembered this transaction and that he received the deed to the land; that he did not pay any cash consideration as stated in the deed but did sign the note for $4,000.00. He testified that before the execution and delivery of the deed to the land and the $4,000.00 note he had a conversation with J. W. McKnight in which they discussed the

fact that McKnight had some personal debts which he was unable to meet and wanted to get a loan secured by a lien on his land. Mr. Wallace testified that McKnight stated he was unable to accomplish his purpose because the land was his homestead, and he requested Mr. Wallace to help him; that Mr. McKnight said "I will deed this to you and in the deed we will create a lien against the land and then I will hope to get the loan company to take up this lien after which you will deed it back to me." Mr. Wallace further testified that he knew Mr. McKnight well, knew him to be an honest man and couldn't see that the transaction requested by McKnight would hurt anybody, so he told Mr. McKnight that if the loan company would pick up the loan that he would help him.

The evidence further shows that thereafter on February 15, 1927, J. W. McKnight sold and transferred the $4,000.00 note executed by Wallace to John Hancock Mutual Life Insurance Company for the sum of $2,500.00 without recourse on J. W. McKnight. The transfer recited the assignment of the note "with a credit thereon of $1,500.00." On the same day J. O. Wallace and wife executed a new note for $2,500.00 and a deed of trust directly to said insurance company. Then on February 21, 1927, J. O. Wallace and wife executed a deed purporting to convey the land in question to J. W. McKnight. The consideration recited in that deed was $6,000.00 in cash and the assumption of the $2,500.00 note held by John Hancock Mutual Life Insurance Company. Mr. Wallace testified that he never paid any part of the recited consideration to Mr. McKnight when the deed was made to him nor did he ever pay any thing on the $2,500.00 note. He testified that he never claimed any interest in the land; that he received no consideration whatever when he conveyed the land back to McKnight, and that the purpose of the whole transaction was the securing of a loan by McKnight and the creation of a lien on the homestead of J. W. McKnight and wife.

◼ In our opinion appellants' point contending that the court erred in holding that the 50.95 acre tract in question was the homestead of J. W. McKnight and wife at the time of the execution of the deed to Wallace in 1926 is not well taken. In the case of Wallingford v. Bowen, Tex.Civ.App., 104 S.W.2d 188, a homestead is defined as a place where a family lives, and if not in a city or town consists of not more than 200 acres of land. See also 40 C.J.S. Homesteads § 1, p. 430. We cannot agree with appellants' contention that the evidence showed no more than mere occupancy of the 50.95 acre tract and that the testimony of Wallace to the effect that said tract was the home of Mr. and Mrs. McKnight was no more than an opinion or conclusion on the part of Wallace. Wallace testified that he was well acquainted with Mr. McKnight before his marriage and knew that when he married Nora C. McKnight they moved on said land; that there was a house on it and it was their home; that they lived thereon until their deaths. The evidence in our opinion amply supports the holding of the court that the land was the homestead of J. W. McKnight and wife and the court did not err in so holding.

◼ We also overrule appellants' point contending that the court erred in holding that the sale of the land to Wallace by McKnight and wife in 1926 was a simulated sale. Appellants' contention is that the sale by McKnight to Wallace was a conditional one and not simulated; that the condition was that if Wallace would give him a marketable note and he could sell the note and get the money on it from an innocent purchaser, that Wallace would then deed the land back to McKnight and that he, McKnight, could then repay the note. Certainly the evidence even as interpreted by appellant supports the conclusion that the deed from the McKnights to Wallace was made for the sole purpose of securing a loan by McKnight and of creating a lien on the homestead, and was, in fact, intended

as a mortgage rather than a deed. Appellants' point to the contrary is overruled.

The evidence without question brings the transaction within the provisions of Article 16, Section 50 of the Constitution of the State of Texas, Vernon's Ann.St., which states:

" * * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

■ It has been uniformly held by the courts of this state that when a purported sale of a homestead is made for the purpose of creating a lien thereon for any purpose other than those provided for by the constitution the purported sale is void and no title passes to the grantee. Contrary to appellants' contention the court did not err in holding that the deed from McKnight and wife to Wallace in 1926 was void because it was a conveyance made for the sole purpose of creating a lien on their homestead in a manner specifically prohibited by the constitution of this state. Andrews v. Security National Bank of Wichita Falls, 121 Tex. 409, 50 S.W.2d 253, 83 A.L.R. 44; Kearby v. Cox, 211 S.W. 932, (Tex.Com. of App.); Bayless v. Guthrie, (Tex.Com. of App.), 235 S.W. 843; McKelroy v. Hamilton, Tex.Civ.App., 130 S.W.2d 1114.

■ In appellants' fifth point it is contended that the court erred in holding that the 50.95 acre tract was the separate property of J. W. McKnight. Appellants contend that the evidence showed that "It was commingled by J. W. McKnight and that J. W. McKnight treated it as the community property of himself and his wife, Nora McKnight." The evidence shows that this land was acquired by J. W. McKnight

in 1905 prior to his marriage. The status of property so far as being separate or community property is fixed by the facts which existed at inception of the title and it was therefore his separate property. MacRae v. MacRae, Tex.Civ.App., 144 S. W.2d 320 (Writ Ref.). The fact that the indebtedness assumed by J. W. McKnight when he purchased the land in 1905 was not paid until 1923 does not show a commingling or constitute the land community property of McKnight and his wife.

We have carefully examined all points urged by appellants and find that they are not well taken.

The judgment is affirmed.