**Paul W. MATHEWS, Appellant,**

v.

**Mrs. Paul W. MATHEWS, Appellee.**

No. 11481.

Court of Civil Appeals of Texas.

Austin.

April 26, 1967.

Rehearing Denied May 17, 1967.

Gragg, Storey, Griffith & Gilmore, Jerry C. Gilmore, Dallas, for appellant.

Dalton, Moore, Forde & Joiner, C. Douglass Forde, Jr., Dallas, for appellee.

HUGHES, Justice.

Dr. and Mrs. Paul Mathews were married in 1924. The trial court awarded Mrs. Mathews a divorce and from this portion of the judgment no appeal was perfected.

The trial judge approved a settlement of property rights made by the parties, entering judgment thereon and also entering judgment with respect to the following matters which were not agreed to by the parties but which were submitted to the court for resolution:

"THE COURT finds from the evidence that any and all disability income benefits and payments under the insurance policies above listed is the community property of the parties hereto and further finds from the evidence that the sum of $7,500.00 should be allowed to Mrs. Paul W. Mathews and her attorneys, Dalton, Moore, Forde & Joiner, as attorney's fees for representing Plaintiff herein, said attorney's fees to be paid by the community estate."

Disposition of these disputed matters was made in the judgment in separate paragraphs, it being noted at the end of each paragraph an exception and notice of appeal on behalf of Dr. Mathews.

The appeal (supersedeas) bond in this case limits the appeal to the judgment insofar as it relates to "disability income payment." We quote from such bond:

"WHEREAS in the above entitled and numbered cause pending in the Domestic Relations Court of Dallas County, Texas, and at regular term of said Court, to wit: on the 2nd day of June, 1966, the said MRS. PAUL W. MATHEWS recovered a judgment against the said PAUL W. MATHEWS providing for a division to her of one-half of all disability income payments of any and all policies or contracts of insurance owned by the parties as her sole and separate property, which payments would amount to approximately Three Thousand Dollars ($3,500.00) per year, from which portion of said judgment the said PAUL W. MATHEWS desires to take an appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District setting at Dallas, Texas; and

WHEREAS the said PAUL W. MATHEWS desires supersedeas respecting such judgment in so far as it applies to the disability income payment;

Now, therefore, we, PAUL W. MATHEWS as Principal and The Hanover Insurance Company and _____ as sureties, acknowledge ourselves bound to pay to the said Clerk of the District Court of Dallas County, Texas, the sum of $6,000.00 conditioned that such Appellant, PAUL W. MATHEWS, shall prosecute his appeal with effect and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree and pay all such damages as said court may award against him."

In Connell Construction Company v. Phil Dor Plaza Corporation, 158 Tex. 262, 310 S.W.2d 311, it was held that the scope of an appeal could be limited in an appeal bond where the judgment had severable parts. To overcome this decision, and its adverse effect on the appellee, Rule 353, Texas Rules of Civil Procedure was amended in 1962 by adding Sec. (c) which reads:

"(c) No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless the severable portion of the judgment from which the appeal is taken is designated in a separate notice served upon such adverse party and filed with the clerk within fifteen days after judgment or order overruling motion for new trial is rendered."

Appellee in this case is making no complaint that appellant limited his appeal as above noted. It is our opinion that only an appellee, or an adverse party, can

complain of the failure of an appellant to comply with this rule in limiting the scope of an appeal. Absent such compliance, the only penalty prescribed is that it shall not be effective as to parties adverse to appellant. We hold that appellant is bound by the limitation of the appeal set forth in his appeal bond and that his first point to the effect that the court erred in ordering attorney's fees allowed attorneys for appellee paid out of the assets of the community estate is not before us.

Appellant's remaining point is that the trial court erred in holding that disability income payments under certain policies of insurance which provided for payments to him in the event of his total and permanent disability were community property and in decreeing that appellee was entitled to one half of such payments as they matured in the future.

The insurance policies under which disability payments are being made were all purchased during the marriage of the parties and with their community funds. There are no onerous acts or duties imposed upon appellant by the policies in order to keep the policies in force and the disability payments continuing. Of course, appellant must not make a miraculous recovery or his payments will cease.

Conceding that little authority exists on the question, appellant cites cases which we will discuss.

In Allen v. Allen, 363 S.W.2d 312, Tex.Civ.App., Houston, n. w. h., the Court held that anticipated railroad retirement benefits of husband under Railroad Retirement Act of 1937, as amended 45 U.S.C.A., are not property or estate of parties within Art. 4638, V.T.C.S., providing for division of the estate of the parties in a divorce action. This case turns, in part, upon the particular provisions of the Federal Act which are paramount to State law. For this reason, it is of small benefit here.

Appellant next cites McBride v. McBride, Tex.Civ.App., 256 S.W.2d 250, by this Court, n. w. h., in which we held that future wages of the husband were not "the estate of the parties" within Art. 4638, supra.

The Supreme Court has diluted the authority of McBride in Francis v. Francis, 412 S.W.2d 29, Tex.Sup.Ct. Neither Francis nor McBride are helpful here because each was based upon express agreements of the husband to make payments to the wife after divorce. There is no similar agreement here.

In Cunningham v. Cunningham, 183 S.W. 2d 985, Tex.Civ.App., Dallas, n. w. h., the Court held that renewal commissions on life insurance policies sold by the husband during the marriage and which might be payable in the future if the policies were renewed and the husband remained in the employ of the company were not community property in which the wife had an interest. This case turned upon insurance law to the effect that the agent acquired no interest in the renewals which became vested at the time the policies were written.

Pacific Indemnity Company v. Blessitt, 191 S.W.2d 904, Tex.Civ.App., Beaumont, writ ref. n. r. e., was a workmen's compensation case in which the wife sued after divorce for an injury sustained by her during marriage. The husband filed a disclaimer. Judgment for the full amount due was awarded the wife over the protest of the insurance company that since the proceeds of the policy were community property, she was entitled to recover only one half. The Court held the disclaimer of the husband authorized the Court to make the entire award to the wife. This case is not helpful.

Mabry v. Aetna Casualty & Surety Company, 230 S.W.2d 572, Tex.Civ.App., Galv., n. w. h., was a suit by a former wife against the workmen's compensation insurance carrier for one half the amount recovered by her former husband in a claim against such carrier for an injury sustained by the former husband during the marriage. In the divorce suit the wife had a judgment against her husband for one half of his

claim. The Court held the wife was relegated to her claim against the husband since the insurance carrier paid the husband before the divorce judgment became final. The Court also held the divorce decree, in this respect, was invalid because it was in an effect an assignment of benefits contrary to the workmen's compensation statutes.

The last case cited by appellant on this phase of his argument is Piro v. Piro, 327 S.W.2d 335, Tex.Civ.App. Fort Worth, writ dismissed. This is a divorce suit which involved a workmen's compensation claim of the husband. The Court held that benefits accrued before the divorce belonged to the community but those accruing subsequently were separate property of the injured husband, the Court following Mabry v. Aetna, supra, in holding that to permit the wife to recover any of these benefits would constitute an unlawful assignment of them.

These authorities have little persuasive force in determining the present issue. We are not aided or beset by any statute, State or Federal, which has specific application to disability income from conventional insurance.

Appellee relies principally upon Herring v. Blakeley, 385 S.W.2d 843, Texas Supreme Court. We agree with appellee that the principles upon which this case is based control here and require an affirmance of the judgment of the trial court.

Mr. and Mrs. Herring were husband and wife from 1948 to 1960, when they were divorced. Herring died 10 months after the divorce. He had been an employe of Marathon Insurance Company and as such was a beneficiary of an employee's profit sharing plan to which he made no contributions. He was also the beneficiary of an annuity insurance contract towards the purchase of which both he and his employer contributed. The Court held that Herring had property rights fully vested in both the profit sharing plan and the annuity contract at the time of divorce. The Court also held that such property rights, at the time of divorce, were community property. With respect to this latter holding we quote from the opinion:

"It is undisputed that the profit-sharing plan came into existence during the marriage; that all contributions to James Herring's account in the plan were made during the marriage; and that James' account fully vested in him during the marriage. As to the group retirement annuity contract, it is undisputed that James Herring became a group member during the marriage; and that all contributions by James toward the purchase of the annuity were made with community funds. We hold that James Herring's vested interest in the profit-sharing plan and his interest in the retirement annuity contract were community property at the time of the divorce.

█ Property acquired by the husband during marriage is community property unless acquired by gift, devise or descent. See Articles 4613, and 4619, Vernon's Annotated Civil Statutes. Both of these plans were acquired during the marriage. There is no contention that either was acquired by devise or descent."

The Court after holding the benefits from these plans were not gifts said:

"Blakeley seeks to avoid the effect of a holding that these plans were community property at the time of the divorce by his contention that none of the funds were available at that time. Since they were not available, Blakeley argues, they could not be subject to the orders of the divorce court even if they were community property. The language of the divorce court's order, covering as it does 'all of the community property of the parties,' is broad enough to include community property that was not available at the time of the divorce, but that could be reduced to possession at some later date. There is no requirement in Texas that community property must be reducible to immediate

possession before a divorce court can take jurisdiction to determine the parties' rights therein. Community rights may exist in interests that cannot be reduced to possession, such as remainder or reversion rights."

The Court in Herring reversed and remanded the case with instructions to ascertain the value of both plans at the time of divorce and to divide such value on a community basis.

■ Under the decision in Herring and under the law generally defining community property, we have no difficulty in holding that the disability insurance carried by appellant at the time of the divorce was a property right and that it belonged to the community estate.

The more difficult problem is to ascertain the value of this property right at the time of the divorce.

■ The trial court has ordered that the disability income payments to accrue in the future be paid one half to each party. We sustain this disposition of such disability income. In reaching this conclusion, we are aided by a suggestion contained in an excellent article in 44 Tex.Law Review 860, by Vester T. Hughes, Jr., on Profit Sharing and Pension Plans. He says:

"In the divorce situation an attempt would be made to value the true expectancy interest, and this value, if any, would be treated as community in nature and would be taken into account by the court in the division of assets. The court could either order payment of present amounts by the husband from community or separate assets or order the husband to pay such amounts if, as, and when received; the decision regarding which alternative to choose would be based on all of the facts and circumstances, including the availability of other assets, the likelihood that an interest would become possessory, and any other relevant considerations."

There can be no wrong guessing in the method employed here. It is accurate and fair.

Mr. Hughes raises many vexing problems which will undoubtedly arise in cases of this character. In divorce cases, the solution, as here, may be relatively simple for the reason that there is usually other property belonging to the spouses, either separate or community, and the court has great latitude in apportioning such property.

■ In cases where the unemployed or uninsured spouse dies and leaves an estate to remote kin or strangers and the pension, disability payments or annuities are inadequate to sustain the surviving spouse and there is no other or insufficient property to serve this purpose owned by such survivor, apparent injustice and real hardship may result. If, however, we adhere to the community property principle, we must apply it when the community estate is small the same as when it is large.

■ We cannot conceive of a charge of injustice, unfairness or hardship being made in cases dividing the community estate where the sole asset of the estate was a pension, an annuity or disability insurance payments amounting to $10,000.00 per month. The community property principle makes no distinction based on the amount involved. Nor does such principle distinguish between the employed-profit sharing or insured husband and the employed-profit sharing or insured wife.

The judgment of the trial court is affirmed.

Affirmed.