Kenneth L. HICKS, Appellant,

v.

Saundra Dell HICKS et al., Appellees.

No. 19004.

Court of Civil Appeals of Texas, Dallas.

Dec. 15, 1976.

Rehearing Denied Jan. 13, 1977.

~John M. Gillis, Gillis, Rogers & Taylor, Dallas, for appellant.

Donald V. Yarborough, Yarborough, Hinds & Shahan, Dallas, for appellees.

AKIN, Justice.

Saundra Dell Hicks sued Travelers Insurance Company and her ex-husband Kenneth L. Hicks for post-divorce partition of a workmen's compensation settlement. The claim was for injuries sustained by Mr. Hicks during the marriage, but was settled after the divorce. The injury occurred on October 30, 1973, the parties separated in January 1974, and the judgment of divorce was rendered on June 3, 1974. The plaintiff asserted that the proceeds of the claim were presumptively community property because the injury occurred during the marriage and because there was a commingling of community and separate property with a previous claim settled before the divorce. She concludes that there is, therefore, a presumption that the entire award is community property. Defendant Mr. Hicks responded that the funds were his separate property because the claim was settled in September of 1974 after the divorce and that this action was barred by *res judicata* since the question could have been litigated in the divorce proceedings. Travelers, the workmen's compensation carrier, paid the proceeds, $6,000 net, into the court's registry and was dismissed. Trial was to the court without a jury. The court concluded that: The husband had defrauded his wife by concealing from her the existence of the claim; the burden was on the husband to prove that the claim was not community; he failed to meet this burden; there is a presumption that the proceeds from the claim are community; this presumption was not overcome by the husband; and separate and community funds were commingled. Acting on these findings of fact and conclusions of law, the trial court awarded the wife $2,400 of the fund and the husband $3,600. Only the defendant-husband appeals from the judgment. Because we hold that on a claim for compensation settled after divorce, the noninjured spouse has the burden to show what part of the fund was

community, if any, and because she failed to sustain this burden, we reverse and render.

Appellant Hicks contends that the trial court erred in decreeing that his ex-wife receive part of the funds because: (1) the court erroneously indulged a presumption that the funds were community property; (2) proceeds of a post-divorce workmen's compensation settlement are separate property; (3) the decree is a judicial compulsory assignment of compensation benefits; (4) it held that the defendant had commingled funds from the claim with other community property; and (5) the suit is barred by *res judicata* because with diligence it could have been litigated in the prior divorce proceeding.

On the other hand, the ex-wife contends that the trial court was correct in its judgment because this matter was not adjudicated in the divorce decree, there was a commingling of funds between this claim and a previous claim settled for $1,200 in January 1974, and the ex-husband defrauded her by concealing the fact that this claim was still pending at the time of the divorce.

### Res Judicata

■ Although the divorce decree disposed of several listed items of community property, it did not mention the claim in question and did not contain a clause providing for the disposition of other property not specifically mentioned. The property not mentioned was not, therefore, disposed of by the divorce decree. *Thompson v. Thompson*, 500 S.W.2d 203, 208 (Tex.Civ. App.—Dallas 1973, no writ). Where part of the community estate is not disposed of in a divorce decree, a subsequent action for partition of this property is not barred by *res judicata*. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970). Since this claim remains undisposed of, the court's finding that Mr. Hicks fraudulently concealed the existence of the claim is immaterial.

### Commingling

■ The plaintiff argues that there was a commingling of the settlement proceeds in dispute with a $1,200 settlement of another workmen's compensation claim received by her ex-husband several months prior to divorce. We cannot agree because we find no evidence of a mixing of the two funds. The undisputed evidence is that the $1,200 was received several months prior to the divorce, and if any part of that fund remained at the time of the divorce, it was presumably divided by the divorce decree. Likewise, it is undisputed that the proceeds from the second claim settlement were not in the possession of the husband before the divorce, but instead were paid into the court's registry by the compensation carrier after the divorce as a result of this suit. There is uncertainty in the record as to whether some of the weekly benefit checks received before the divorce were attributable to the first injury or the second, but it is undisputed that the settlement made after the divorce was for the second injury alone. Consequently, there is no evidence that the funds now in question represent commingled benefits from the two injuries.

■ A more serious question is whether any of the proceeds of the post-divorce settlement are community property because they represent compensation for disability during the marriage. Where an injured worker is married at the time of the injury and remains married throughout the period of disability, the workmen's compensation award is community property. *Few v. Charter Oak Fire Insurance Co.*, 463 S.W.2d 424, 425 (Tex.1971). This is so because compensation awards are intended to compensate an injured worker for his loss of earning capacity, *Employers Reinsurance Corp. v. Holland*, 162 Tex. 394, 347 S.W.2d 605, 606 (1961), and personal injury recoveries for loss of earning capacity during marriage are community property. Tex. Family Code Ann. § 5.01(a)(3) (Vernon 1975). On the other hand, compensation for disability for a period after divorce is not community property even though the injury may have occurred when the parties were married, and a divorce settlement that awards such future benefits to the claim-

ant's former spouse has been held to be an involuntary judicial assignment of workmen's compensation benefits forbidden by Tex.Rev.Civ.Stat.Ann. art. 8306 § 3 (Vernon 1967). *Piro v. Piro,* 327 S.W.2d 335, 337–38 (Tex.Civ.App.—Fort Worth 1959, writ dism'd); *see Mabry v. Aetna Casualty & Surety Co.,* 230 S.W.2d 572, 574–75 (Tex. Civ.App.—Galveston 1950, no writ). Under these authorities, a claim for future workmen's compensation benefits existing at the time of divorce is not community property, and the presumption of community, recognized in cases such as *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex.1965), does not apply.

### Burden of Proof

▮ In the present case, part of the proceeds in the court's registry might be community funds if they represent deferred payments for weekly benefits to which Mr. Hicks was entitled for loss of earning capacity during the marriage. However, the evidence is undisputed that Mr. Hicks was receiving weekly compensation checks of $63 for this injury before the divorce and for approximately six weeks after the divorce. Both Mr. and Mrs. Hicks were certain of the amount and the receipt of these checks, but neither could recall with specificity when they commenced. Mrs. Hicks testified that she intercepted and cashed at least six of these checks prior to divorce, but thereafter sent them to Mr. Hicks. Since weekly benefits were received up to and beyond the date of the divorce, Mr. Hicks may well have received full compensation at the time of the divorce for any previous period of disability. Thus, it is possible that all weekly compensation for loss of earning capacity during the marriage was received and consumed by the parties prior to the divorce and that all of the funds in the court's registry are the separate property of Mr. Hicks. Therefore, we conclude that the record contains no evidence showing that any of these funds are community property. Since Mrs. Hicks was plaintiff in this suit, we hold that she had the burden to prove what part, if any, of these funds was community, and that she

is not entitled to recover because she failed to discharge that burden.

Since the trial court erroneously awarded Mrs. Hicks part of the proceeds of the workmen's compensation settlement without evidence tending to establish that any part of the proceeds was community property, we reverse the judgment and render judgment awarding the entire $6,000 in the court's registry to Mr. Hicks. The district court is directed to enter an order instructing the district clerk accordingly.

Reversed and rendered.