Charles Douglas YORK, Appellant,

v.

Brenda Sue YORK, Appellee.

No. 8223.

Court of Civil Appeals of Texas, Beaumont.

Feb. 8, 1979.

Jerry V. Pennington, Orange, for appellant.

Jim Sharon Bearden, Orange, for appellee.

KEITH, Justice.

The husband, respondent below, appeals from an adverse judgment rendered in a bench trial of the divorce and complains only of the division of the community property.

The trial court divided the property as shown in the margin.[1] Appellant's sole complaint is directed to the award of $6,500 in cash since, admittedly, such constituted one-half of a settlement of appellant's Worker's Compensation claim for partial disability for the sum of $13,000.

Our record discloses that appellant was injured on January 13, 1976, while in the course of his employment. He was totally disabled for a short period of time and received maximum Worker's Compensation Insurance benefits during his period of total disability as well as an advance of $500 on his final settlement. He resumed his employment but did not work every day. Finally, on December 30, 1977, an agreed judgment was entered in his suit for compensation benefits wherein the husband received an additional $13,000 in settlement of all past and future claims for his injury and incapacity. His attorney was awarded one-fourth of such recovery as his fee.

We are unable to determine from the record how much of such settlement was for past due and accrued compensation payments and how much thereof represented payment for lost earning capacity in the future.[2]

The compensation suit was settled while the parties were separated and not living together but a divorce suit was not filed by the wife until January 16, 1978. According to appellant, the entire settlement figure, $13,000, has been kept separate and not commingled with any other funds.

Appellant argues that *Tex. Family Code Ann. § 3.63 (1975)*,[3] has no applicability under the rationale of *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977). He also contends that under *Tex. Family Code Ann. § 5.01(a)(3) (1975)*,[4] the compensation benefits he received constituted his separate property and that the trial court was without authority, under *Family Code § 3.63*, to divest him of such separate property. See also *Graham v. Franco*, 488 S.W.2d 390, 396 (Tex.1972).

Appellant's reliance upon *Eggemeyer* is misplaced. The Supreme Court there held that a trial court could not divest a spouse of his title to separate *real* property; it did not change the rule permitting divestiture of *personalty* upon the granting of the divorce. *Muns v. Muns*, 567 S.W.2d 563, 565–567 (Tex.Civ.App.—Dallas 1978, no writ). See also J. Sampson, "Common Law Prop-

1. The wife was awarded (as her separate property and the husband divested of all right, title, and interest in): a Suburban automobile, a chest of drawers, a washer and dryer, one-half of the 1977 income tax refund and $6,500 in cash. She was directed to assume the indebtedness upon the automobile and to pay all debts she had incurred since the separation of the parties.

    The husband was awarded (as his separate property and the wife divested of all right, title, and interest in): a Ford pickup, a queen-sized bed including mattress, springs and frame; an ice box, one-half of the income tax return for 1977, the Republic of Texas savings account, a house and lot, and $6,500 in cash. He was directed to pay all indebtedness upon the house and lot and upon the truck as well as all indebtedness he had incurred since separation.

2. The most favorable testimony from appellant which we can find in the record is his assent to

a leading question by his counsel: " . . . then most of the money you have [from the settlement] is for weeks that are still to come in the future in 1978, '79, '80, '81, '82, '83? Is this correct?"

3. *Sec. 3.63*, "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

4. *Sec. 5.01(a)*, "A spouse's separate property consists of:

    \*    \*    \*    \*    \*    \*

    (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage."

erty," *42 Tex.B.J. 131, 132 (1979)*. Appellant may not prevail on this appeal by reliance upon *Eggemeyer.*

Appellant suggests that the trial court should have followed the rationale of *Hicks v. Hicks*, 546 S.W.2d 71 (Tex.Civ.App.—Dallas 1976, no writ). He argues that appellee did not introduce evidence to indicate that any portion of the settlement was for compensation for loss of earning capacity during the marriage.

We have examined the record carefully and find that while both parties were thoroughly familiar with the settlement negotiations, only appellant gave testimony concerning the basis thereof and, it must be admitted, it leaves much to be desired. The testimony of appellant is not entitled to the weight given to that of the defendant in *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112, 116 (Tex.1976), mandate recalled and reissued, 551 S.W.2d 32 (Tex.1977).

We turn now to appellant's claim that the language found in *Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (1967)*,[5] proscribes a judicial assignment of the compensation benefits. Under different circumstances than those facing us today, such prohibition has been liberally construed to protect the benefits to the worker against claims of others. See authorities cited in *Hicks v. Hicks*, supra (546 S.W.2d at 73–74). See also the general discussion of the section to be found in *Highland Park State Bank v. Salazar*, 555 S.W.2d 484 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.).

*Hicks v. Hicks*, supra, contains a discussion of most of the cases on the subject; but, it is factually different from ours. There, the settlement was made after the divorce and the holding turned on the fact that the wife had not discharged her burden of showing that the settlement funds belonged to the community. In our case, it

is the appellant who labors under the burden of establishing that the settlement was separate, and not community, property. And, in the discharge of this burden, he is faced with the rule stated in *Tex.Family Code Ann. § 5.02 (1975)*: "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."

In our case, we have no dispute as to the source of the funds and there has been no commingling of such funds with any other funds. But, appellant labored under the burden of proving its separate character by "satisfactory evidence." *Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex.1965). Or, as stated in *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex.1975), "the party asserting separate ownership must clearly trace the original separate property into the particular assets on hand during the marriage." See also *Trevino v. Trevino*, 555 S.W.2d 792, 796 (Tex.Civ.App.—Corpus Christi 1977, no writ). As indicated earlier, appellant did not convince the trier of the facts that the settlement funds did not constitute payment for loss of earning capacity during marriage.

Had appellant made the necessary proof that the settlement funds were attributable to loss of future earning capacity, the authorities cited in *Hicks*, supra, would have been persuasive if not controlling. We simply hold that appellant did not discharge his burden of showing the separate character of the property. *Cockerham*, supra.[6]

In *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974), the Court quoted *Family Code § 3.63*, and continued:

"Texas courts have held that such division [of the community property] does not have to be equal, and appellate courts have held it must be presumed that the trial court exercised its discretion proper-

---

5. *Sec. 3*, insofar as material, reads: "All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein

provided, and any attempt to assign the same shall be void."

6. It is appropriate to note that appellant has no points of error challenging the *factual sufficiency* of the evidence to sustain the trial court's action.

ly, and that a case should be reversed only where there is a clear abuse of discretion. . . . It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. . . .." (all citations omitted)

Under the record which we have reviewed, we do not find an abuse of discretion confided in the trial court; and, the judgment is AFFIRMED.