**Richard Stephen ANTHONY, Appellant,**

v.

**Frances Elaine ANTHONY, Appellee.**

**No. 13278.**

Court of Appeals of Texas,
Austin.

Nov. 12, 1981.

Thomas J. O'Meara, Jr., Schaubhut, Smith & O'Meara, Austin, for appellant.

William W. Rittenhouse, Rittenhouse & Schiesser, Austin, for appellee.

## ON MOTION FOR REHEARING

PHILLIPS, Justice.

We withdraw the opinion filed April 8, 1981, and substitute the following opinion.

The question to be decided is whether, under a divorce proceeding in which the trial court divided the estate of the parties, the court can award appellee wife an interest in appellant husband's Federal Worker's Compensation benefits now being received by him and which will continue to be received in the future. The trial court awarded appellee wife a portion of these benefits as community property and appellant has duly perfected his appeal to this Court.

We affirm.

The appellant is before us on two points of error, the first being the error of the trial court in awarding any interest in his Federal Worker's Compensation benefits because the court has no power over such benefits provided by an act of Congress.

The parties were married in 1963 and they now have two teenage daughters. Appellant's entire career with the United States Government occurred during his marriage to appellee. Appellant received, at the time suit was filed, in excess of $800.00 per month as a Civil Service Disability Retirement. This right to the retirement is vested and fixed for life, subject to automatic increases in amount regardless of appellant's physical or mental condition or his income-earning ability, or any income he may in fact earn.

Subsequent to applying for disability retirement benefits, appellant applied for Federal Worker's Compensation. After this divorce suit was filed by appellee, appellant was informed that his Federal Worker's Compensation had been approved and that if he elected to accept Federal Worker's Compensation in lieu of Civil Service Disability Retirement, he would be entitled to receive an amount in excess of $1,600.00 per month, subject to automatic increases based on the cost of living.

Appellant elected to receive Federal Worker's Compensation in lieu of Civil Service Disability Retirement, and at the time of trial, was receiving Federal Worker's Compensation benefits. The Federal Worker's Compensation benefits would cease if appellant is found to be no longer disabled, but, in that event, appellant could then again receive the Civil Service Disability Retirement for the rest of his life.

The Federal Worker's Compensation benefits in question are based on a finding of 100 percent disability. The Civil Service Disability Retirement was based on a finding of permanent disability. The Federal Worker's Compensation benefits are, in part, in lieu of the vested Civil Service Disability benefits. It was that portion of the Federal Worker's Compensation benefits which took the place of the Civil Service Disability benefits which was divided by the court's decree. In other words, appellant received $800.00 per month under the Civil Service Disability Retirement. This ceased when he accepted the Federal Worker's Compensation benefits which, at the time of trial, were in excess of $1,600.00 per month. The trial court awarded appellee one-half of the original $800.00 monthly award or $400.00 per month.

Appellant bases his argument on the decisions of the United States Supreme Court in *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), and *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950). *Hisquierdo* held that benefits under the Railroad Retirement Act are separate property and are not divisible as community property. *Wissner* held that National Service Life Insurance benefits are the sole property of the named beneficiary and not part of the community estate. Appellant then cites *Ex Parte Johnson*, 591 S.W.2d 453 (Tex.1979), which relied on *Hisquierdo* in holding that disability compensation benefits from the Veterans Administration for service-connected disability are not to be treated as "property" and future

benefits are not subject to division upon divorce as property.[1]

■ To determine whether or not a federal pension is subject to division either in whole or in part, the court must look at each pension on a statute-by-statute basis and attempt to ascertain the intent of Congress in each particular case.

*Hisquierdo* contains a strong prohibition against attachment and anticipation of the benefits. The Railroad Retirement Act provides in part that such payments shall not be subject to any "legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated ..." 45 U.S.C. § 231m (Supp.1980). Section 3101(a) of Title 38 provides in part that the disability compensation benefits payable under laws that are administered by the Veterans Administration shall not be assignable and "shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

In *Wissner*, the Court concluded that the California community property law conflicted with certain provisions of the National Service Life Insurance Act which provided that payments to a named beneficiary "shall be exempt from the claims of creditors, and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary...." 38 U.S.C. § 3101(a) (1979).

The Texas Supreme Court in *Ex Parte Johnson*, held that the Supremacy Clause of the United States' Constitution [2] preempted a state court from dividing a spouse's entitlement to disability compensation benefits from the Veterans Administration for service-connected disabilities authorized by Title 38 of the United States Code. These benefits are not divisible even when they are elected to be received in lieu of receiving divisible Air Force disability benefits. *Ex Parte Burson*, 615 S.W.2d 192 (Tex. 1981). Suffice it to say that the statutory

restrictions against any alienation of benefits in *Ex Parte Johnson* and *Ex Parte Burson* are more explicit than in either of the two United States Supreme Court cases cited above.

Turning to the case at bar, it is generally agreed that the Civil Service Retirement rights were accrued entirely during the marriage, were in fact community property, and were, by the *express* terms of the applicable statute, divisible by a state court sitting in a divorce case. 5 U.S.C. §§ 8346(a), 8345(j)(1) (1980). *See In Re Butler*, 543 S.W.2d 147 (Tex.Civ.App. 1976, writ dism'd). Under this statute a fund is created out of payroll deductions from the wages or salaries of employees. 5 U.S.C. § 8334 (1980). Thus, in this case, deductions from appellant's salary made specifically for the retirement fund, were community property. Appellant made such contribution from his first employment with the Federal Aviation Administration beginning in 1966 up until his retirement in June of 1978. Thus, he was eligible for the annuity based on the fact that he was found to be permanently disabled. 5 U.S.C. §§ 8333, 8337 (1980).

This was a vested right and appellant was in fact drawing benefits during the pendency of the divorce action. Appellant then elected to receive Federal Worker's Compensation benefits. Under federal law, upon accepting Federal Worker's Compensation benefits, he automatically lost his Civil Service benefits until such time as he becomes ineligible for Federal Worker's Compensation benefits. Appellant contends that through his acceptance of the Federal Worker's Compensation benefits, he has changed what was once admittedly community property into separate property. We think not.

■ In turning to the intent of Congress under the Federal Worker's Compensation statute we find the following in 5 U.S.C. § 8130 (1980): "An assignment of a claim for compensation under this subchapter (5

---

1. The Court cited 38 U.S.C. §§ 101 *et seq.*, 211(a), 314, 315, 334, 335, 3012(b)(2), 3101(a), 3105 (1979).

2. U.S. Const. art. VI, cl. 2.

 

U.S.C. §§ 8101–51) is void. Compensation and claims for compensation are exempt from claims of creditors." This statute in no way renders such benefits exempt from court process, nor expresses any congressional intent to remove these benefits from the normal operation of family law in the various states.

Section 8130 does render void an assignment of the claim. An assignment is something done by the beneficiary (usually for the benefit of creditors), not by a court dividing a property right. In no way can appellee be considered a creditor. See *Yeo v. Yeo*, 581 S.W.2d 734 (Tex.Civ.App. 1979, writ ref'd n.r.e.).

If Congress had intended to exempt the proceeds from court process, it would have used language as it did in the Railroad Retirement Act or as it did with benefits administered by the Veterans Administration.

Finally, we find nothing in the Supreme Courts' construction of the federal military retirement statutes in *McCarty v. McCarty*, — U.S. —, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that alters our statutory analysis here.

Appellant's second point is the error of the trial court in awarding appellee any interest in the Federal Worker's Compensation benefits and for loss of earning capacity in the future because such benefits are the separate property of appellant.

Appellant maintains that these benefits are compensation for appellant's future earnings. In *Hicks v. Hicks*, 546 S.W.2d 71 (Tex.Civ.App. 1976, no writ), state workman's compensation for the period after the divorce has been found to be separate property. The rationale in *Hicks* is based largely on the non-alienation clause and exemption from process clause which includes "judgment and all other suits or claims...." Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (1967).

There are several other important distinctions between the nature of Federal Worker's Compensation benefits and Worker's Compensation benefits under Texas law.

Under Texas law, benefits are for loss of earning capacity for a certain number of weeks in the future and to the extent that the benefits relate to a period of time following a divorce, such benefits are separate property. *Hicks v. Hicks, supra.* Then again, such benefits under Texas law are totally unrelated to retirement rights, are not paid in the place of retirement benefits, and are not paid out of a fund created by the wages of the worker. Tex.Rev.Civ.Stat. Ann. art. 8306–09 (1967).

By contrast, the Civil Service Disability Retirement fund is created in part from the wages of the worker. In the case at bar, the wages paid into the fund were community property and the Civil Service Retirement benefits were community property. Consequently, we hold that proceeds from the Federal Worker's Compensation fund, which replaced the Civil Service Disability Retirement fund is also community property and that Congress, in setting up the entitlement program, has not proscribed such a finding.

The judgment of the trial court is in all things affirmed.