Stephen G. ANDRLE, Appellant,

v.

Deanna Lou ANDRLE, Appellee.

No. 11–87–265–CV.

Court of Appeals of Texas, Eastland.

June 16, 1988.

Rehearing Denied July 14, 1988.

Garry Lewellen and Martin L. Peterson, McMillan & Lewellen, Stephenville, for appellant.

Scott D. Allen, Stephenville, for appellee.

OPINION

ARNOT, Justice.

This is an appeal from a divorce decree. The sole issue, on appeal, is whether the trial court abused its discretion by divesting appellant of one-half interest in future benefits under a private policy of disability insurance. Because we find the policy is community property, we affirm the judgment of the trial court.

Appellant, Stephen G. Andrle, and appellee, Deanna Lou Andrle, were married on January 15, 1959, and divorced on August 6, 1987. During the marriage, appellant obtained a policy of disability insurance through Western Life Insurance Company. This disability insurance policy was not related to appellant's employment. The premiums for the disability policy were paid with community funds of the parties.

During the marriage, because appellant had suffered disabilities and Western Life had denied coverage, a lawsuit was filed. As a result of the lawsuit, Western Life tendered a lump sum settlement of $38,992.32 and commenced making disability payments to appellant of $1,200.00 per month. From each monthly payment, $400.00 is paid to the attorneys who represented appellant in the lawsuit against Western Life.

Appellant agrees that the lump sum settlement proceeds and the net monthly payments received prior to the divorce were assets of the community estate with each party being entitled to one-half. However, appellant argues that the trial court abused its discretion in awarding appellee one-half interest in the monthly disability insurance proceeds received after

the date of divorce, urging these proceeds are his separate property. We disagree.

The disability insurance policy was purchased during the marriage of the parties with community funds. The disability insurance carried by appellant at the time of divorce was a property right that belonged to the community estate. The benefits from a vested property right are community property even though paid after divorce. See *Busby v. Busby*, 457 S.W.2d 551 (Tex. 1970); *Simmons v. Simmons*, 568 S.W.2d 169 (Tex.Civ.App.—Dallas 1978, writ dism'd); *Mathews v. Mathews*, 414 S.W.2d 703 (Tex.Civ.App.—Austin 1967, no writ).

Appellant first argues that future payments are mere expectancies and, therefore, not subject to division, citing as authority *Cunningham v. Cunningham*, 183 S.W.2d 985 (Tex.Civ.App.—Dallas 1944, no writ). Unlike the case before us, *Cunningham* was concerned with the division of commissions earned on life insurance policies which may or may not be renewed "irrespective of the wish or will of either party." The court held that the right to renewals was not a vested property right but merely an expectancy.

Addressing the argument of whether or not rights to disability proceeds were an expectancy, the court in *Mathews* found:

> There are no onerous acts or duties imposed upon appellant by the policies in order to keep the policies in force and the disability payments continuing. Of course, appellant must not make a miraculous recovery or his payments will cease.

The rights to disability compensation are a property right not a mere expectancy.

Alternatively, appellant argues that the payments are his separate property because the proceeds acquire the character of the thing they replace: namely, his ability to earn money by personal labor. Appellant cites as authority *Rolater v. Rolater*, 198 S.W. 391 (Tex.Civ.App.—Dallas 1917, no writ). In *Rolater*, the wife purchased casualty insurance with her separate funds insuring the house which was her husband's separate property and the contents which were hers. After a loss, a part of the proceeds was used to rebuild her husband's house. When awarded only the amount of the premium she had paid as a charge against her husband's estate, the wife complained that the proceeds of the insurance policy were community property to which she was entitled to half. The court held that, when the house upon the land is destroyed by fire and there exists an insurance policy covering the loss, the proceeds occupy the same status which the house did, the separate estate of the husband. The court reasoned that to hold otherwise would allow one spouse the authority to convert the separate estate of another into the joint property of both for a wholly inadequate consideration without the other's consent.

This reasoning does not apply to the case before us. Appellee did not convert appellant's separate estate into community property. The policy was purchased during the marriage with community funds. The status of property so far as being separate or community property is fixed by facts which existed at inception of the title. *Cade v. Dudney*, 379 S.W.2d 370 (Tex.Civ. App.—Eastland 1964, writ ref'd n.r.e.). Based upon the doctrine of inception of title, it was a vested right of the community.

The judgment of the trial court is affirmed.