**Thomas Jerry LEWIS, Appellant**

v.

**Eva Lavern LEWIS, Appellee.**

No. 11–95–378–CV.

Court of Appeals of Texas, Eastland.

May 30, 1996.

Rehearing Overruled June 27, 1996.

Martin L. Peterson, Stephenville, for appellant.

Carry Lewellen, McMillan & Lewellen, Stephenville, for appellee.

Before ARNOT, C.J., and DICKENSON and McCLOUD[1], JJ.

OPINION

McCLOUD, Senior Justice.

The issue is the characterization of a 15.25–acre tract of land acquired during marriage. The land was purchased with money paid to the husband in settlement of his workers' compensation claim. The husband was injured before the marriage, but the settlement funds were paid after the marriage. Upon entering a divorce decree between the parties on August 17, 1995, the trial court awarded the wife, Eva Lavern Lewis, the south ½ of the 15.25–acre tract and awarded the husband, Thomas Jerry Lewis, the north ½ of the 15.25–acre tract. The husband appeals, contending that the trial court erred because the 15.25–acre tract was his separate property. We affirm.

On April 10, 1985, the husband sustained a work-related injury. Thereafter, on November 25, 1985, the parties married. On or about October 1, 1986, the husband received approximately $30,000 in settlement of his workers' compensation claim. On March 20, 1987, the 15.25–acre tract was conveyed to "Thomas J. Lewis and Eva Lavern Lewis." Both parties agree that the $15,000 purchase price for the tract of land was paid with money received from the settlement.

The trial court concluded that the 15.25–acre tract was the community property of the parties. The husband cites *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977), and argues that the trial court improperly divested him of his separate property and awarded it to the wife. The husband maintains that the 15.25–acre tract was his separate property because he sustained the work-related injury before the marriage.

TEX.FAM.CODE ANN. § 5.01(a)(3) (Vernon 1993) provides that the recovery for personal injuries sustained by a spouse during marriage is the spouses' separate property "except any recovery for loss of earning capacity during marriage." TEX.FAM. CODE ANN. § 5.02 (Vernon 1993) provides that property possessed by either spouse during or on dissolution of marriage is pre-

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting    by assignment.

sumed to be community property. To rebut this presumption, the person seeking to prove the separate character of the property must do so by clear and convincing evidence.

The court in *Employers Reinsurance Corporation v. Holland*, 162 Tex. 394, 347 S.W.2d 605 (1961), while discussing the Workers' Compensation Act, stated:

> We have long held that the purpose of the Act is to compensate an injured employee, not for the loss of earnings or for the injury itself, *but for loss of earning capacity.* (Emphasis added)

 Characterization of workers' compensation benefits is not to be determined by the marital status of the parties at the time of the injury. The determinative inquiry is whether the "recovery" is for loss of earning capacity "during marriage." See *Hicks v. Hicks*, 546 S.W.2d 71 (Tex.Civ.App.—Dallas 1976, no writ); 1 BARBARA A. KAZEN, FAMILY LAW: TEXAS PRACTICE AND PROCEDURE § 20.10[3] (1995); 3 SPEER'S, TEXAS FAMILY LAW SERVICE §§ 18.60 and 22.43 (6th ed. 1988); 38 ALOYSIUS A. LEOPOLD, MARITAL PROPERTY AND HOMESTEADS § 10.7 (Texas Practice 1993). Here, the parties were married when the $30,000 settlement was received and the land was purchased. The recovery occurred during the marriage and was presumptively the community property of the parties. The husband did not establish that any of the money used to purchase the 15.25–acre tract of land was for personal injuries other than "loss of earning capacity during marriage." See *Patt v. Patt*, 689 S.W.2d 505 (Tex.App.—Houston [1st Dist.] 1985, no writ); *York v. York*, 579 S.W.2d 24 (Tex.Civ.App.—Beaumont 1979, no writ).

The husband cites *Andrle v. Andrle*, 751 S.W.2d 955 (Tex.App.—Eastland 1988, writ den'd), and relies upon language in the opinion stating that the status of property is fixed by facts which existed at "inception of title." *Andrle* is clearly distinguishable. *Andrle* involved a private insurance policy that was purchased during the marriage with community funds. We held that the benefits payable under the policy constituted a vested community property right even though some of the benefits were payable after divorce. The court in *Simmons v. Simmons*, 568 S.W.2d 169 (Tex.Civ.App.—Dallas 1978, writ dism'd), distinguished benefits arising from a contract right vested during marriage from a "recovery for personal injuries" sustained by a spouse during marriage. *Andrle* does not support the husband's argument.

The record reflects that the trial court properly characterized the 15.25–acre tract as community property. The trial court did not divest the husband of title to his separate property.

The judgment of the trial court is affirmed.