**Thomas Jerry LEWIS, Petitioner,**

v.

**Eva Laverne LEWIS, Respondent.**

No. 96–0789.

Supreme Court of Texas.

Feb. 21, 1997.

Rehearing Overruled June 6, 1997.

Martin L. Peterson, Stephenville, for petitioner.

Garry Lewellen, Stephenville, for respondent.

PER CURIAM.

 Is a workers' compensation settlement paid during marriage community property if the claimant's disability occurred prior to the marriage? The lower courts answered this question yes. 923 S.W.2d 837. We disagree.

Thomas Lewis suffered a work-related injury resulting in immediate permanent disability for which he claimed compensation. Seven months later he married Eva, and about ten months into the marriage he settled his compensation claim. The net proceeds, some $30,000, were deposited in Eva's account. About half of it was used to buy 15.25 acres of land deeded to both Thomas and Eva, and the balance was spent on living expenses. Several years later Eva filed for divorce. Thomas contended that the land was his separate property because it was purchased with the settlement funds. Eva contended that it was community property because Thomas received the funds while they were married. The trial court agreed with Eva and partitioned the property equally between them, giving Thomas the northern half and Eva the southern half. The court of appeals affirmed. 923 S.W.2d at 839.

A spouse's separate property includes "the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage." Tex. Fam.Code § 5.01(a)(3). The character of compensation benefits paid during marriage is determined not by when the injury occurred, but by when the loss of earning capacity occurred. Thomas' loss did not occur during marriage. Thomas was determined to be permanently disabled from the date of his injury, some seven months before he married Eva. No further loss of earning capacity from his injury occurred during marriage. The payment he received during marriage was for a permanent loss he suffered before marriage.

Eva argues that because Thomas' disability was permanent and thus continued through marriage, part of his benefits should compensate the community for the loss it has suffered. By this theory, however, Eva would be entitled to part of Thomas' compensation benefits even if they had been paid before marriage. The argument is simply not credible. Thomas' loss was fully incurred before the community even existed,

and while it continued, Eva does not contend that it worsened. In these circumstances the entire compensation benefits were Thomas' separate property.

Our conclusion is consistent with two other cases dealing with related situations. In *Charter Oak Fire Insurance Company v. Few*, 456 S.W.2d 156, 160 (Tex.Civ.App.—Tyler 1970), *rev'd on other grounds*, 463 S.W.2d 424 (Tex.1971), the court of appeals held that a husband had a community interest in his wife's compensation benefits when her injury and disability occurred during marriage. In *General Insurance Company of America v. Casper*, 426 S.W.2d 606, 608 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.), the court held that a husband did not have a community interest in his wife's compensation benefits when her injury occurred during marriage but her disability did not begin until after divorce. In both those cases, as here, the issue is when the loss of earning capacity occurred. When it occurs outside marriage, compensation is separate property.

■ Because the land was purchased with Thomas' separate property and was thus itself separate property, the district court had no authority to partition half of it to Eva. We therefore conclude, without hearing argument, that the judgment of the court of appeals must be reversed. TEX.R.APP. P. 170. Inasmuch as the district court's error may have affected its determination of a just and right division of the community, we remand the case to that court for reconsideration of that determination. *See Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex.1985).